FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 01, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HUGO SANCHEZ-MERINO,<br><br>Defendant. | No. 4:19-cr-06065-SMJ-1<br><br>**ORDER DENYING DEFENDANT'S FIRST MOTION TO DISMISS** |

Before the Court is Defendant's First Motion to Dismiss, ECF No. 64. Defendant is charged with being an alien in the United States after deportation and now challenges the first of three predicate prior removals. On September 30, 2021, the Court heard oral argument on the motion and took the matter under advisement. Although the Court finds a due process violation and resulting prejudice occurred as a result of Defendant's first removal, the Court declines to dismiss the indictment given that the Court has previously found Defendant's two other predicate removals valid. ECF Nos. 91 & 99.

## BACKGROUND

Defendant originally came to the United States from Mexico as a teenager and remained for fourteen years. *See* ECF No. 65-1 at 1. In 1997, when he was

ORDER DENYING DEFENDANT'S FIRST MOTION TO DISMISS – 1

twenty-five, Defendant was convicted of petty theft. ECF No. 64-4 at 3. Defendant has three siblings who live in the United States, including one who is a naturalized citizen and one who is a lawful permanent resident. ECF No. 64-1 at 2.

After having been previously removed from the United States three times, immigration authorities encountered Defendant in September 2019 when he was in Benton County Jail on pending charges, leading to the indictment in this case.[1] ECF No. 64-4 at 3.

**A.    First Removal – April 29, 2000**

On April 28, 2000, Defendant presented himself at the San Ysidro, California port of entry, falsely claiming to be a United States citizen. ECF No. 64-2. At a secondary inspection, he admitted to being a Mexican citizen and claimed to have been living in the United States for the past fourteen years. *Id*. Immigration officials took him into custody and executed an expedited removal order. *Id*.

He was then transported to a detention center where, after several hours, he spoke with Immigration Inspector M.R. Herring without the aid of an interpreter. ECF No. 64-1 at 1; ECF No. 64-3. Inspector Herring spoke some Spanish, but

---

[1] The Court has previously set forth the relevant facts in this matter in its Order Denying Defendant's Second Motion to Dismiss, ECF No. 91, and its Order Denying Defendant's Third and Fourth Motions to Dismiss, ECF No 99, and incorporates those facts herein. Because Defendant's motions focus only on his April 29, 2000 removal ("first removal"), the Court elaborates only on the facts surrounding that removal.

ORDER DENYING DEFENDANT'S FIRST MOTION TO DISMISS – 2

1  apparently not fluently. ECF No. 64-1 at 2. The interview lasted approximately five
2  minutes. ECF No. 64-1 at 4. Inspector Herring wrote Defendant's answers on paper
3  and had Defendant sign the three-page document. *Id.* at 3. This constituted
4  Defendant's "sworn statement." ECF No. 64-3.

5        The sworn statement indicates that Defendant had no claim to legal status, no
6  pending applications for admission, and no prior removals or deportations. *Id.* at 3.
7  It notes that he had resided in the United States for fourteen years and came to the
8  United States to work. *Id.* at 2–3. It also avers that Defendant was not married, but
9  Inspector Herring did not appear to ask Defendant whether he had any children or
10  family in the United States. ECF No. 64-1 at 2; ECF No. 64-3 at 3.

11        Defendant signed the sworn statement and initialed each of the three pages,
12  but Inspector Herring did not read or translate it before having him sign it, and he
13  did not give Defendant the opportunity to read it himself. ECF No. 64-1 at 2; ECF
14  No. 64-3. Nor did Inspector Herring explain the document or its consequences to
15  Defendant, which caused Defendant to believe he had no choice but to sign the
16  document. ECF No. 64-1 at 3.

17        Inspector Herring also prepared the Form I-860 Expedited Removal Order.
18  ECF No. 64-5. But Defendant did not sign or initial the removal order, as required
19  by 8 C.F.R. § 235.3(b)(2)(i). *Id.* Nevertheless, Defendant was removed to Mexico
20

ORDER DENYING DEFENDANT'S FIRST MOTION TO DISMISS – 3

on April 29, 2000, about eighteen hours after being taken into custody. ECF No. 64-5.

## LEGAL STANDARD

A valid prior order of removal is a predicate to a violation of 8 U.S.C. § 1326. *United States v. Lopez*, 762 F.3d 852, 858 (9th Cir. 2014). Thus, a defendant charged with illegal reentry can defend against the charge by attacking the validity of the prior removal. *United States v. Raya-Vaca*, 771 F.3d 1195, 1201 (9th Cir. 2014) (quoting *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1047 (9th Cir. 2004)). To successfully challenge the validity of an underlying removal order, a defendant must demonstrate: (1) that he exhausted any administrative remedies that may have been available to seek relief against the order; (2) the removal proceedings at which the order was issued improperly deprived the noncitizen of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair. 8 U.S.C. § 1326(d). To show fundamental unfairness, the defendant must show that his "due process rights were violated by defects in his underlying [removal] proceeding," and that "he suffered prejudice as a result of those defects." *United States v. Melendez-Castro*, 671 F.3d 950, 953 (9th Cir. 2012) (internal quotation marks omitted).

//

//

## DISCUSSION

Defendant argues that his first removal order is void because the immigration court violated his due process rights. *See generally* ECF No. 64. Specifically, Defendant assigns due process violations to immigration officials' failure (1) to obtain Defendant's signature on the back of his Form I-860, (2) to advise Defendant that he could withdraw his application for admission, and (3) to provide Defendant the opportunity to review his sworn statement. ECF No. 64 at 7. Defendant further claims he suffered prejudice, arguing that it is plausible that he could have withdrawn his application for admission and voluntarily departed the United States. *Id.*

Because the Court finds that Inspector Herring violated Defendant's due process rights when he failed to obtain his signature on the back of the Form I-860 Expedited Removal Order, the Court does not reach the remaining arguments.

**A.    Inspector Herring violated Defendant's due process rights by failing to obtain Defendant's signature on the back of the Form I-860**

The Department of Justice has issued regulations governing the procedures for expedited removal, establishing specific procedures that immigration officials must follow. *See* 8 C.F.R. § 235.3(b)(2)(i). Relevant here, the regulations require the immigration officer to advise the noncitizen of the charge against him on Form I-860 (the Notice and Order of Expedited Removal) and then give the noncitizen the opportunity to respond to those charges in his or her sworn statement. *Id.* After

ORDER DENYING DEFENDANT'S FIRST MOTION TO DISMISS – 5

getting a supervisor's approval, the immigration officer must then serve the Form I-860 on the noncitizen and have him "sign the reverse of the form acknowledging receipt." *Id.* This protection is important, as it provides the notice required by due process—"notice of the charge the alien faces and the alien's opportunity to respond to that charge." *United States v. Raya-Vaca*, 771 F.3d 1195, 1204 (9th Cir. 2014).

Here, neither Defendant's signature nor his initials appear anywhere on the form. While it appears only the front side of the form is available to the Court, "[t]he form in the record does not provide the Court with sufficient assurance" that Defendant's due process rights were adequately protected. *United States v. Rojas-Fuerte*, No. 3:18-CR-347-SI, 2019 WL 1757523, at *5 (D. Or. Apr. 19, 2019); *see also United States v. Arteaga-Gonzalez*, No. 12-CR-4704-L, 2013 WL 5462285, at *4 (S.D. Cal. Sept. 30, 2013).

Moreover, the Government has presented no evidence showing that Defendant signed the form. Because "[t]he expedited removal process provides very limited oversight, review or safeguards to ensure that an alien understands his rights and the consequences of removal actions," the Court declines the Government's invitation to simply presume—without any supporting evidence—that Inspector Herring obtained Defendant's signature on the reverse side of the form. Without Defendant's signature, the Court cannot know whether Defendant received the form and had an opportunity to respond to it. Accordingly, Defendant's expedited

ORDER DENYING DEFENDANT'S FIRST MOTION TO DISMISS – 6

removal proceeding did not comply with 8 C.F.R. § 235.3(b)(2)(i) and as a result, the removal violated due process.

**B.      Defendant has shown resulting prejudice**

Even if a defendant can show he was denied due process, he still bears the burden to show that he suffered prejudice as a result of the deprivation. *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1050 (9th Cir. 2004). Showing prejudice in this context does not require that the noncitizen "show he actually would have been granted relief," but instead requires a showing "that he had a plausible ground for relief from [removal]." *Id.* In expedited removal proceedings, the only form of discretionary relief available is withdrawal of application for admission. 8 C.F.R. § 1235.4; *United States v. Hernandez-Rodriguez*, No. 2:18-CR-00197-RHW, 2019 WL 1508039, at *5 (E.D. Wash. Apr. 5, 2019).

In analyzing whether it is plausible that a defendant would have been granted this form of relief, Courts are guided by the Inspector's Field Manual. Following the enactment of the IIRIRA, the Immigration and Naturalization Service ("INS")[2] prepared the Inspector's Field Manual to guide an immigration inspector's exercise of discretion. *United States v. Barajas-Alvarado*, 655 F.3d 1077, 1090 (9th Cir. 2011). The Field Manual enumerates six factors that immigration officers

---

[2] In 2003, INS was subsumed under the Department of Homeland Security. DEP'T HOMELAND SEC., OFFICE OF IMMIGRATION STATISTICS, https://www.dhs.gov/office-immigration-statistics (last visited Nov. 30, 2021).

ORDER DENYING DEFENDANT'S FIRST MOTION TO DISMISS – 7

should assess in considering a noncitizen's request to withdraw his application: (1) the seriousness of the immigration violation, (2) previous findings of inadmissibility against the noncitizen, (3) intent on the part of the noncitizen to violate the law, (4) ability to easily overcome the ground of inadmissibility, (5) age or poor health of the noncitizen; and (6) other humanitarian or public interest considerations. *Id.* The Field Manual further advises that a removal order "should ordinarily be issued, rather than permitting withdrawal, in situations where there is obvious, deliberate fraud on the part of the applicant. *Id.* (citing INS Inspector's Field Manual § 17.2(a) (2001), *available at* Westlaw FIM–INSFMAN 17.2).

Under this standard, it is plausible that Defendant would have been permitted to withdraw his application for admission. Defendant entered the United States by fraudulently claiming to be a United States citizen. While this is a serious immigration violation, the Court does not consider it dispositive. In fact, several courts have found withdrawal of an application plausible despite a Defendant's fraudulent act to enter the United States. *See, e.g.*, *United States v. Caldera-Lazo*, No. 1:19-CR-2031-SAB-1, 2021 WL 2349344, at *12 (E.D. Wash. Apr. 26, 2021); *United States v. Arizmendi-Depaz*, No. 18-CR-4949, 2019 WL 3945459, at *9–10 (S.D. Cal. Aug. 21, 2019). *United States v. Alvarez-Garcia*, No. 4:19-CR-06033-SMJ, 2020 WL 3445026, at *3 (E.D. Wash. June 9, 2020).

ORDER DENYING DEFENDANT'S FIRST MOTION TO DISMISS – 8

In *United States v. Alvarez-Garcia*, this Court found that relief was plausible where the defendant had no prior criminal or arrest history, no prior immigration history, and had multiple family members living in the United States. *Id.* at *3. Here, Defendant had no prior removals at the time—which the Court considers an important factor. ECF No. 65-1 at 1. Although Defendant was convicted of petty theft in 1997, ECF No. 64-4 at 3, his criminal history was minimal. Additionally, Defendant had three siblings living in the United States, two of whom had legal status. And the Court agrees with Defendant that he may have had some path to legal status as well, as he had been living in the United States for approximately fourteen years without a prior removal.

Defendant need not show that it is likely that he would have been granted voluntary withdrawal of his application. Rather, he need only show that it is plausible, and he has done so here. As such, Defendant has shown prejudice.

Nevertheless, because Defendant was validly removed on two other occasions, *see* ECF Nos. 91 & 99, the Court cannot dismiss the indictment and denies Defendant's motion on this ground. *See United States v. Lopez*, 762 F.3d 852, 858 (9th Cir. 2014).

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's First Motion to Dismiss, **ECF No. 64**, is **DENIED.**

1  //

2  //

3  **IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel, the U.S. Probation Office, and the U.S. Marshals Service.

**DATED** this 1st day of December 2021.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER DENYING DEFENDANT'S FIRST MOTION TO DISMISS – 10