1

2

3

4

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 30, 2023

SEAN F. McAVOY, CLERK

5          UNITED STATES DISTRICT COURT

6          EASTERN DISTRICT OF WASHINGTON

7   UNITED STATES OF AMERICA,            No. 4:19-CR-06065-MKD

8                        Plaintiff,      ORDER LIFTING STAY, DENYING
                                         DEFENDANT'S MOTION TO
9            v.                          DISMISS, AND 12th CASE
                                         MANAGEMENT ORDER
10  HUGO SANCHEZ-MERINO,
                                         **ECF No. 100**
11                       Defendant.

12       Before the Court is Defendant's Status Report, requesting that the Court lift

13  the pending stay, deny the pending motion to dismiss, and set case management

14  deadlines and a trial date.  ECF No. 135.

15       On November 17, 2021, Defendant filed a fifth motion to dismiss the case,

16  contending that the statute he is charged with violating, 8 U.S.C. § 1326, is

17  unconstitutional because it violates the Equal Protection Clause.  ECF No. 100.  As

18  this issue was pending before the Ninth Circuit, the instant matter was stayed

19  pending the Ninth Circuit rulings in *United States v. Bastide-Hernandez*, No. 19-

20

ORDER – 1

30006, *United States v. Carrillo-Lopez*, Case No. 21-10233, and *United States v. Rodrigues-Barios*, No. 21-50145. *See* ECF Nos. 128, 131, 133.

On May 22, 2023, the Ninth Circuit decided *United States v. Carrillo-Lopez*, 2023 WL 358756, Case No. 21-10233 (9th Cir. May 22, 2023) and *United States v. Rodrigues-Barios*, No. 21-50145 (9th Cir. May 22, 2023) and rejected the argument that Section 1326 is unconstitutional.

On May 24, Defendant filed a Joint Status Report requesting that the Court lift the stay, deny the pending motion to dismiss, and set a case management order and trial date. The parties request a July 31, 2023 trial date. Defendant indicates that additional time is needed to prepare the matter for trial, including the potential of filing trial related motion practice. Defendant has filed a Waiver of Speedy Trial Rights, accompanied by a Statement of Reasons, in support of the motion. ECF No. 136. The United States does not object to a continuance in this matter. The Court has reviewed the file and is fully informed. The Court finds that, taking into account the exercise of due diligence, a trial date any sooner than the July 31, 2023 proposed date would deprive defense counsel of adequate time to obtain and review discovery and conduct effective preparation. 18 U.S.C. § 3161(h)(7)(B)(iv). Therefore, the Court finds that the ends of justice are served by a continuance of the trial date from the date lifting the stay to July 31, 2023, and

further that the ends of justice served by continuing the trial date outweigh the best

interests of the public and Defendant in a speedy trial.  18 U.S.C. § 3161(h)(7)(A).

Accordingly, **IT IS HEREBY ORDERED:**

**1.**      The stay is **LIFTED**.

**2.**      Defendant's motion to dismiss, **ECF No. 100, is DENIED** for the

reasons stated in the Joint Status report, ECF No. 135.

**3.**      The parties request to set a case management order and trial date is

**GRANTED.**

**4.**      A trial date is **SET** for **July 31, 2023, at 9:00 a.m**., commencing with

a final pretrial conference at **8:30 a.m.**  Trial shall take place in **Richland**,

Washington.

**5.**      A pretrial conference is **SET** for **July 13, 2023, at 11:00 a.m**. in

**Richland,** Washington.

**6.**      Counsel for defense shall notify Defendant of all hearings and ensure

Defendant's attendance at court.

**7.      Local Criminal Rules.**  Counsel shall comply with the Eastern

District of Washington Local Criminal Rules of Procedure (LCrR), except

where specifically modified below or by subsequent Order.

**8.      Emailing the Court.**  Where this Order requires counsel to email

documents to the Court, all documents shall be attached to the email in

Microsoft Word (.doc/.docx) or rich-text (.rtf) format. The subject line of

each email shall be formatted as follows:

**[Case No.]; [Case Name]; [Title of Document]**

(e.g.:  13-cr-9999-MKD; USA v. Doe; Trial Brief)

**9.      Discovery**

  **A.** All discovery documents must be Bates-stamped with a unique

    identifier and must be produced digitally in a text-searchable

    format. The Court will grant relief from this requirement only

    in exceptional circumstances, upon motion and good cause

    shown.

  **B.** Production of discovery shall be governed by Local Criminal

    Rule 16. *See* LCrR 16.

  **C.** The Court presumes a request for discovery and disclosure

    under Federal Rules of Evidence 404(b), 608(b), and 609,

    *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*,

    405 U.S. 150 (1972), *United States v. Henthorn*, 931 F.2d 29

    (9th Cir. 1991), and their progeny, and as such these items are

    ordered disclosed by the deadline set forth in Local Criminal

    Rule 16.

  **D.** At arraignment or within 14 days thereafter, the United States is

1    required to disclose evidence relating to Defendant's guilt or

2    punishment that might reasonably be considered favorable to

3    the Defendant.  *See* LCrR 16(a)(6); *see also Brady*, 373 U.S.

4    83; *United States v. Agurs*, 427 U.S. 97 (1976); Fed. R. Crim.

5    P. 5(f).[1]  This is a continuing duty for newly discovered

6    evidence.  LCrR 16(c); *see also* ECF Nos. 13, 199.

7    **E.**    Pursuant to Federal Rule of Criminal Procedure 16(d)(2),

8    failure to comply may result in an order permitting the

9    discovery or inspection; granting a continuance; or any other

10    order that is just under the circumstances (including contempt,

11    sanctions, referral to a disciplinary authority, dismissal of

12    charges, exclusion of evidence or witnesses, and adverse jury

13    instructions).

14    **10.    Expert Witness Summaries**

15    **A.**    When each party produces to opposing counsel summaries of

16    its expert witness testimony for which disclosure is required

17

18    [1] Nothing in this requirement enlarges or diminishes the United States' obligation

19    to disclose information and evidence to the Defendant under *Brady* and its

20    progeny.

ORDER – 5

under Federal Rule of Criminal Procedure 16 and Local

Criminal Rule 16, counsel shall also email an electronic copy of

the summary to the Court at DimkeOrders@waed.uscourts.gov.

**B.**    All summaries of expert witness testimony must conform to

Federal Rule of Criminal Procedure 16, Local Criminal Rule

16, and applicable case law interpreting those Rules. The Court

will not permit an expert witness to testify about opinions

which are not explicitly expressed in that expert's summary.

*See, e.g.*, *United States v. W.R. Grace*, 526 F.3d 499 (9th Cir.

2008).

11.    **CM/ECF Technical Assistance.**  Parties requiring technical

assistance concerning the CM/ECF system, such as the procedures for filing

non-scannable exhibits, shall consult the District's "Electronic How To"

page (https://www.waed.uscourts.gov/electronic-how) or contact the

CM/ECF Help Desk by phone at (866) 236-5100 or (509) 458-3410 or by

email at ecfinfo@waed.uscourts.gov.  Inquiries requesting technical

assistance concerning the CM/ECF system shall not be directed to the

Judge's chambers.

12.    **Motions Practice**

**A.**    ***Generally.***  All motions shall either be: a) noted for hearing

without oral argument fourteen (14) days after filing, or b) noted for hearing with oral argument at the pretrial conference pursuant to Local Criminal Rule 12(c).  Responses and replies to motions must be filed in accordance with Local Criminal Rule 45 and 47, which incorporate the requirements of Local Civil Rule 7.1.

**B.** ***Expedited Hearing.***  Any party seeking an expedited hearing on a time-sensitive matter must comply with Local Criminal Rule 12(c)(3).

**C.** If a case has more than one defendant, the Court will construe any motion, including motions to continue, as applying to *all* defendants, unless that defendant indicates they do not wish to be joined in the motion.  **Defendants thus do not need to file motions to join**.  **Any Defendant wishing to opt out of a motion shall file a notice so stating within seven days of the filing of the motion.**

**D.** ***Sealed Documents.***  Any and all sealed documents shall be filed by the parties under the sealed event as a sealed document. The parties are not required to file a separate motion to seal a document.  The parties shall file any objections to a sealed

document by no later than five days after the filing of the sealed

document.  The Court will thereafter review the sealed

document and any objections filed to determine whether the

document should be unsealed.  Any party filing a sealed

document shall email DimkeOrders@waed.uscourts.gov to

inform the Court of the filing.  The email shall note the ECF

number of the sealed document and the general nature of the

document.

13.  **Witness Testimony.**  At any hearing, including trial, in which witness testimony is given, the witness must testify in Court.  Absent exceptional circumstances, a testifying witness may not appear by telephone or video conference.

14.  **Trial Continuances**

    A.  ***Motion Deadline.***  All motions to continue the trial must be heard before or at the pretrial conference.  **Any motion to continue trial made after the pretrial conference has occurred will not be granted absent exceptional circumstances**.

    B.  ***Statement of Reasons.***  If the Defendant seeks a continuance, a Speedy Trial Waiver and Statement of Reasons in support of

the motion to continue must be filed contemporaneously with the motion.[2]  The Statement of Reasons must 1) be signed by the Defendant, 2) be signed by a certified translator, if applicable, and 3) indicate the latest date upon which Defendant is willing to proceed to trial.  **The Court requests that the Speedy Trial Waiver and Statement of Reasons extend two weeks past the new proposed trial date.**

**C.**   ***Procedure.***  Before filing a motion to continue, counsel shall first contact the Courtroom Deputy at (509) 943-8172 to obtain new pretrial conference and trial dates consistent with the length of the requested trial continuance.  Thereafter, counsel shall confer with opposing counsel regarding case management

---

[2] The Court's Speedy Trial Waiver and Statement of Reasons form can be found at the following link:

https://www.waed.uscourts.gov/sites/default/files/forms/Speedy%20Trial%20Waiver%205-13-22.docx

ORDER – 9

deadlines[3] consistent with the new pretrial conference and trial date. **All motions to continue must include proposed case management deadlines (either joint or individual) to ensure the to-be-imposed deadlines are best suited to this case.**

15.   **Pretrial Conference**

    **A.**    The Pretrial Conference is scheduled as indicated in the Summary of Deadlines below.  At this hearing, the Court will hear **ALL** pretrial motions that are noted for oral argument.

    **B.**    All pretrial conferences are scheduled to last no more than **thirty (30) minutes**, with each side allotted **fifteen (15) minutes** to present their own motions and resist motions by opposing counsel.  If any party anticipates requiring longer than fifteen minutes, that party must notify the Courtroom Deputy at least seven (7) days prior to the hearing.  **<u>Any party who fails</u>**

---

[3] A form with the Court's standard case management deadlines can be found at the following link:

https://www.waed.uscourts.gov/sites/default/files/forms/Proposed%20Case%20Management%20Deadlines%20Form%20for%20Public%20Website.6.1.2022.pdf

ORDER – 10

**to provide this notice will be limited to fifteen (15) minutes.**

    **C.**    If a motion is to be heard with oral argument, and a party plans to call witnesses or present exhibits, that party must file an exhibit and/or witness list by no later than **72 hours** before the hearing on the motion.

    **D.**    If a party intends to use a laptop, thumb drive, or DVD or CD for presentation of documents, or audio or video recordings, that party must contact the Courtroom Deputy at least **one week** prior to the hearing and confirm the compatibility of the technology and equipment.

    **E.**    If a party intends to use a demonstrative exhibit, such as a PowerPoint presentation, it must be submitted to the Court and all opposing parties at least **24 hours** prior to its intended use.

**16.**    **Exhibit Lists**

    **A.**    On the date set forth in the Summary of Deadlines, after conferring with counsel, each party shall file a list of exhibits the party intends to introduce at trial.  Each party shall also email copies of their exhibit list to the Court at DimkeOrders@waed.uscourts.gov.

The parties shall provide their exhibit list in the following format:

| Ex. # | Admitted | Description |
|-------|----------|-------------|
| 1 | | Photograph of items seized |
| 2 | | Aerial video surveillance from 1/1/2011. Start Time: 01:03:23 End Time: 01:09:54 |

Exhibit lists shall include a unique exhibit number and a brief description of the exhibit. For all exhibits consisting of an audio or video file, the exhibit list must designate the precise beginning and ending time indexes of the portion of the file the party intends to use at trial.

B.    The United States shall consecutively number their exhibits from **1 to 999.** In single-defendant cases, Defendant shall consecutively number exhibits from **1000 to 1999**; in multi-defendant cases, Defendants shall consecutively number exhibits from x000 to x999, substituting "x" for each Defendant's assigned case identifier (e.g. Defendant 3 would number exhibits from 3000 to 3999, etc.). Exhibits shall be pre-marked for identification before trial commences.

17.    **Witness Lists.**  On the date set forth in the Summary of Deadlines, after conferring with counsel**,** each party shall file and serve a list of witnesses that party intends to call to testify at trial.  **The witness list must identify the existence, but need not include the name, of any confidential informant (CI) the United States intends to call to testify.**  Parties shall email copies of their witness list to the Court at DimkeOrders@waed.uscourts.gov.

18.    **Trial Briefs, Proposed Jury Instructions and Verdict Form, and Requested Voir Dire.**  On the date set forth in the Summary of Deadlines, after conferring with counsel**,** each party shall file a trial brief, proposed jury instructions and verdict form**,** and requested voir dire, in accordance with the requirements below.  Each party shall email copies to the Court at DimkeOrders@waed.uscourts.gov.

     A.    ***Trial Briefs.***  Trial briefs shall not exceed twenty (20) pages without prior Court approval, upon motion and good cause shown.

     B.    ***Proposed Jury Instructions and Verdict Form.***  Jury instructions shall 1) address issues that are unique to the case, and 2) include instructions regarding the elements of each charge or defense.  If a Ninth Circuit Model Jury Instruction

exists for a particular charge or defense, the parties shall provide the model instruction or shall submit argument as to why the instruction is inadequate or no longer supported by law.  Proposed jury instructions shall be accompanied by a proposed verdict form. **The parties must confer to develop joint proposed jury instructions and the verdict form.**  The Court will only accept an individual party's proposed jury instructions on those points/issues upon which the parties could not agree, and only if the party's memoranda accompanying the individually-proposed instruction(s) sets forth the legal authority and justification for why the instruction is necessary.

C.   ***Requested Voir Dire.***  The parties may request that the Court include specific questions during the Court's standard voir dire. Requested voir dire shall not duplicate information elicited in the Clerk's Office Jury Questionnaire ("COJQ") and the Court's Criminal Jury Trial Procedures Letter.

19.   **Exhibit Binders.**  On the date set forth in the Summary of Deadlines, after conferring with counsel, each party must provide to all other parties and to the Court a Bates-stamped copy of all trial exhibits — or, in the case of physical exhibits, a photograph or other reproduction of the exhibit — the

party intends to introduce at trial.  All trial exhibits shall be organized

sequentially by exhibit number in a three-ring binder.

**20.    JERS.**

    **A.**    The Court utilizes the Jury Evidence Recording System (JERS), a system that makes electronic evidence available in the jury room during deliberations.  **Counsel shall promptly consult the Court's "JERS Instructions for Attorneys"[4] to ensure they acquire, retain, and provide evidence to the Court in the necessary format**.

    **B.**    On the date set forth in the Summary of Deadlines, after conferring with counsel, each party who intends to introduce evidence at trial must supply a CD, DVD, or USB drive to the Courtroom Deputy containing all of that party's exhibits in the required format.  Counsel may contact the Courtroom Deputy at (509) 943-8172 with any questions.

---

[4] This document can be found on the Court's public website at the following link: https://www.waed.uscourts.gov/sites/default/files/support/jers_basics_for_lawyers.pdf

ORDER – 15

**21.  Trial Notices.**  On the date set forth in the Summary of Deadlines, after conferring with counsel, each party shall file a notice that indicates the amount of time requested for opening statement and for voir dire.  In addition, defense counsel must indicate if his/her client waives presence at sidebar and jury questions.

**22.  Technology Readiness Meeting.**  On the date set forth in the Summary of Deadlines, any party seeking to offer video or audio evidence at trial must meet with Court staff at the location of the trial to verify compatibility with the Court's presentation systems.  The parties shall contact the Courtroom Deputy at (509) 943-8172 to arrange this meeting.

**23.  Trial**.  The jury trial is **SET** for **July 31, 2023**, at **9:00 a.m.** in **Richland, Washington**.  The **final pretrial conference** will commence at **8:30 a.m.** on the first day of trial.

**24.  Summary of Deadlines**

| | |
|---|---|
| **All pretrial motions, including discovery motions, *Daubert* motions, and motions *in limine*, filed** | **June 22, 2023** |
| **PRETRIAL CONFERENCE** <br> ***Deadline for motions to continue trial*** | **July 13, 2023** <br> **11:00 a.m. - RICHLAND** |
| CIs' identities and willingness to be interviewed disclosed to Defendant (if applicable) | **July 17, 2023** |
| Grand jury transcripts produced to Defendant <br>           Case Agent: <br>           CIs: <br>           Other Witnesses: | **July 17, 2023** |

ORDER – 16

| Exhibit lists filed and emailed to the Court | **July 24, 2023** |
|---|---|
| Witness lists filed and emailed to the Court | **July 24, 2023** |
| Trial briefs, jury instructions, verdict forms, and requested voir dire filed and emailed to the Court | **July 17, 2023** |
| Exhibit binders delivered to all parties and to the Court | **July 24, 2023** |
| Delivery of JERS-compatible digital evidence files to the Courtroom Deputy | **July 24, 2023** |
| Trial notices filed with the Court | **July 24, 2023** |
| Technology readiness meeting (in-person) | **July 24, 2023** |
| **FINAL PRETRIAL CONFERENCE** | **July 31, 2023**<br>**8:30 a.m. - RICHLAND** |
| **JURY TRIAL** | **July 31, 2023**<br>**9:00 a.m. - RICHLAND** |

25.     A Waiver of Speedy Trial Rights, accompanied by a Statement of Reasons, has been signed and filed by Defendant.  **ECF No. 136.**  All time from the date the Ninth Circuit decided the relevant cases, **May 22, 2023**, to the new trial date of **July 31, 2023,** is **EXCLUDED** for speedy trial calculations pursuant to 18 U.S.C. § 3161(h)(7).

**IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order and provide copies to all counsel, the U.S. Probation Office, and the U.S. Marshals Service.

**DATED** May 30, 2023.


*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER – 17